1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                                DISTRICT OF NEVADA
8                                          * * *
                                             )
9    PERRY CHAMANI and FAY CHAMANI           )
                                             )
10                    Plaintiffs,            )            2:12-cv-1197-LRH-PAL
                                             )
11    v.                                     )
                                             )            ORDER
12    BAC HOME LOANS SERVICING, LP; et al.,  )
                                             )
13                    Defendants.            )
     _____ )
14

15        Before the court is plaintiffs Perry and Fay Chamani's ("the Chamanis") motion to remand.

16   Doc. #18.[1]

17   **I.      Facts and Procedural History**

18        The Chamanis filed a complaint in state court against defendants for wrongful foreclosure.

19   *See* Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity

20   jurisdiction. Doc. #1. Thereafter, the Chamanis filed the present motion to remand. Doc. #18.

21   **II.     Legal Standard**

22        Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

23   courts of the United States have original jurisdiction, may be removed by the defendant or the

24   defendants, to the district court of the United States for the district and division embracing the

25   place where such action is pending." 28 U.S.C. § 1441(a).

26
     _____
     [1] Refers to the court's docket entry number.

1   Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.

2   § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal

3   statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*

4   *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

5   (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against

6   removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;

7   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

8   **III.   Discussion**

9   A district court has original jurisdiction over civil actions where the suit is between citizens

10   of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11   28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of

12   the parties in interest properly joined and served as defendants is a citizen of the state in which such

13   action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity

14   between the parties because non-diverse defendant Nevada Legal News ("NLN") is a fraudulently

15   joined defendant whose Nevada citizenship cannot be used to defeat the exercise of diversity

16   jurisdiction.

17   A fraudulently joined defendant does not  "defeat removal on diversity grounds." *Ritchey v.*

18   *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff

19   fails to state a cause of action against a resident defendant, and the failure is obvious according to

20   the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*,

21   811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416,

22   1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In

23   determining whether a cause of action is stated against a non-diverse defendant, courts look only to

24   a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

25   Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v.*

26   *Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient

2

1  to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim.

2  *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

3       In their complaint, the Chamanis challenge the foreclosure and eventual trustee's sale of the

4  underlying real property. The Chamanis' sole allegation against defendant NLN is that it "agreed to

5  conduct the illegal sale." *See* Doc. #1, Exhibit A, ¶ 13. The Chamanis do not seek any claims for

6  relief or any remedies against NLN. Aside from asserting the NLN agreed to conduct the trustee's

7  sale, the complaint is absolutely silent on any other alleged misconduct. Therefore, based on the

8  allegations in the complaint, the court finds that non-diverse defendant NLN is a fraudulently

9  joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction.

10  Accordingly, the court finds that there is complete diversity between the parties and that the

11  exercise of diversity jurisdiction is appropriate.

12

13       IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #18) is DENIED.

14       IT IS SO ORDERED.

15       DATED this 28th day of November, 2012.

16

17       _____

18       LARRY R. HICKS
         UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

3