UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PERRY CHAMANI and FAY CHAMANI

   Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP; et al.,

   Defendants.

2:12-cv-1197-LRH-PAL

ORDER

Before the court is plaintiffs Perry and Fay Chamani's ("the Chamanis") renewed motion to remand. Doc. #64.[1]

**I. Facts and Procedural History**

The Chamanis filed a complaint in state court against defendants for wrongful foreclosure. *See* Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity jurisdiction. Doc. #1. In response, the Chamanis filed a motion to remand (Doc. #18) which was denied by the court (Doc. #45).

Subsequently, the Chamanis filed an amended complaint adding additional defendants to this action. Doc. #48. Thereafter, the Chamanis filed the present renewed motion to remand. Doc. #64.

///

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III. Discussion

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

In their renewed motion, the Chamanis argue that the parties are not completely diverse because newly added defendant First Service Residential Realty, LLC ("FSRR") is a Nevada limited liability company. *See* Doc. #64. The court disagrees. Defendant FSRR is registered with the Nevada Secretary of State as a foreign limited liability company and therefore, is not a Nevada citizen for diversity purposes. *See* Doc. #67, Exhibit B. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

///

///

1  IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #64) is DENIED.

2  IT IS SO ORDERED.

3  DATED this 25th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE