1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                           DISTRICT OF NEVADA

8                                    * * *
                                        )
9    PERRY CHAMANI and FAY CHAMANI       )
                                        )
10            Plaintiffs,                )        2:12-cv-1197-LRH-PAL
                                        )
11   v.                                  )
                                        )        ORDER
12   BAC HOME LOANS SERVICING, LP; et al., )
                                        )
13            Defendants.                )
                                        )
14

15        Before the court is plaintiffs Perry and Fay Chamani's ("the Chamanis") renewed motion to

16   remand. Doc. #64.[1]

17   **I.    Facts and Procedural History**

18        The Chamanis filed a complaint in state court against defendants for wrongful foreclosure.

19   *See* Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of diversity

20   jurisdiction. Doc. #1. In response, the Chamanis filed a motion to remand (Doc. #18) which was

21   denied by the court (Doc. #45).

22        Subsequently, the Chamanis filed an amended complaint adding additional defendants to

23   this action. Doc. #48. Thereafter, the Chamanis filed the present renewed motion to remand.

24   Doc. #64.

25   ///

26

    _____

    [1] Refers to the court's docket entry number.

1   **II.      Legal Standard**

2          Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

3   courts of the United States have original jurisdiction, may be removed by the defendant or the

4   defendants, to the district court of the United States for the district and division embracing the

5   place where such action is pending." 28 U.S.C. § 1441(a).

6          Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.

7   § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal

8   statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*

9   *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

10  (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against

11  removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;

12  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

13  **III.     Discussion**

14         A district court has original jurisdiction over civil actions where the suit is between citizens

15  of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

16  28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of

17  the parties in interest properly joined and served as defendants is a citizen of the state in which such

18  action is brought." 28 U.S.C. § 1441(b).

19         In their renewed motion, the Chamanis argue that the parties are not completely diverse

20  because newly added defendant First Service Residential Realty, LLC ("FSRR") is a Nevada

21  limited liability company. *See* Doc. #64. The court disagrees. Defendant FSRR is registered with

22  the Nevada Secretary of State as a foreign limited liability company and therefore, is not a Nevada

23  citizen for diversity purposes. *See* Doc. #67, Exhibit B. Accordingly, the court finds that there is

24  complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

25  ///

26  ///

1    IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #64) is DENIED.

2    IT IS SO ORDERED.

3    DATED this 25th day of March, 2013.

4

5    _____

6    LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3