UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| PERRY CHAMANI AND FAY CHAMANI, Husband and Wife, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; MTC FINANCIAL INC. dba TRUSTEE CORP; AH4R-NV2, LLC, a Delaware limited liability corporation; FSRR; NEVADA LEGAL NEWS; DOES I-X, inclusive; and ROE CORPORATIONS, XI-XX, inclusive, <br><br> Defendants. | 2:12-CV-01197-LRH-PAL <br><br> ORDER |

Before the court is Defendant Bank of America, N.A.'s ("Bank of America"), as successor in interest to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC"), Motion to Dismiss Second Amended Complaint for Failure to State a Claim (Doc. #53). Plaintiffs Perry Chamani and Fay Chamani (the "Chamanis") have responded (Doc. #59). Bank of America has replied (Doc. #62).

**I.    Factual and Procedural History**

On or about October 15, 2007, the Chamanis made, executed and delivered to Countrywide Bank, FSB ("Countrywide") a promissory note in the amount of $219,900.00. A deed of trust, encumbering a parcel of real property in Las Vegas, Nevada, was executed and delivered to Countrywide and recorded with the Clark County Recorder on October 18, 2007.

1    The deed of trust designated Mortgage Electronic Registration System ("MERS") as beneficiary
2    and ReconTrust Company, N.A. as trustee. It is undisputed that the Chamanis eventually
3    defaulted under the terms of the note in 2009.
4         On September 15, 2009, MERS assigned the beneficial interest under the deed of trust to
5    BAC. The assignment was recorded on July 8, 2011. Also on September 15, 2009, BAC
6    substituted MTC Financial Inc. ("MTC") as the trustee under the Deed of Trust. The substitution
7    was recorded on November 5, 2009.
8         On September 17, 2009, BAC executed a notice of default, which was recorded on
9    September 18, 2009. On April 9, 2010, the Nevada Foreclosure Mediation Program issued a
10   Certificate allowing the beneficiary to proceed with the foreclosure. This certificate was recorded
11   on July 8, 2011. On July 1, 2011, MTC, as substituted trustee, executed a notice of trustee's sale,
12   which was recorded on July 8, 2011. Again, on March 21, 2012, MTC executed a notice of
13   trustee's sale, which was recorded on March 28, 2012. A third party, AH4R-NV 2, LLC,
14   purchased the property. A trustee's deed upon sale was recorded on May 18, 2012.
15        On April 26, 2012, the Chamanis filed a complaint against defendants for wrongful
16   foreclosure. Doc. #1, Exhibit A. On December 4, 2012, the Chamanis filed a second amended
17   complaint alleging eight (8) causes of action against defendants: (1) violation of NRS 107.080;
18   (2) breach of contract; (3) waiver of default; (4) breach of the covenant of good faith and fair
19   dealing; (5) quiet title; (6) slander of title; (7) violation of NRS 107.080(5) & (7); and
20   (8) unlawful detainer. Doc. #48. Thereafter, Bank of America, as successor for defendant BAC,
21   filed the present motion to dismiss the second amended complaint. Doc. #53.
22   **II.   Legal Standard**
23        Bank of America seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for
24   failure to state a claim upon which relief can be granted. To survive a motion to dismiss for
25   failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2)
26   notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1103 (9th
27   Cir. 1979). That is, a complaint must contain a "short and plain statement of the claim showing
28   that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Rule 8(a)(2) pleading standard

1  does not require detailed factual allegations; however, a pleading that offers "labels and
2  conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice.
3  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
4  544, 555 (2007)).
5        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
6  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,
7  550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the
8  court to draw the reasonable inference, based on the court's judicial experience and common
9  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
10 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that
11 a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with
12 a defendant's liability, it stops short of the line between possibility and plausibility of entitlement
13 to relief." *Id.* at 1949 (internal quotation marks and citation omitted).
14       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
15 true. *Id.* However, "bare assertions. . .amount[ing] to nothing more than a formulaic recitation of
16 the elements of a . . .claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret
17 Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1951) (brackets in original)
18 (internal quotation marks omitted). The court discounts these allegations because "they do
19 nothing more than state a legal conclusion — even if that conclusion is cast in the form of a
20 factual allegation." *Id.* (citing *Iqbal*, 129 S.Ct. at 1951). "In sum, for a complaint to survive a
21 motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that
22 content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

23 **III.    Discussion**

24     **A.    Violation of NRS 107.080**

25       The Chamanis allege that the Defendants conducted the foreclosure sale on April 27,
26 2012, in violation of NRS 107.080. Specifically, the Chamanis charge that the Notice of Default
27 was not recorded by a party with authority to record documents because the Note had not yet
28 been properly assigned to BAC, the recording party. As a result, the Chamanis contend the

Notice of Default is invalid and without a valid Notice of Default, a foreclosure sale cannot go forward. Therefore, the Chaminis contend that the foreclosure sale was improper.

The procedure for conducting a trustee's foreclosure sale is set forth in NRS 107.080 *et seq.* While NRS 107.080 does not provide a private cause of action for damages, it allows the court to void a trustee sale if the entity executing the sale does not *substantially* comply with the statute. NRS 107.080(5)(a) (emphasis added). Here, the Chamanis allege that, because BAC was the as-of-yet unrecorded beneficiary, the Notice of Default was invalid. However, BAC's filing of the notice of default is not a fatal non-compliance. In particular, "NRS 107.080 does not require that a particular party — trustee, beneficiary, or their assigns — record notices of default or trustee sale. Consequently nothing prevents an authorized agent from recording a notice of default. Nor does Nevada law require a substitution of trustee be recorded prior to a notice of default." *Berilo v. HSBC Mortg. Corp., USA,* No. 2:09-CV-02353-RLH-PAL, 2010 WL 2667218, at *4 (D. Nev. June 29, 2010) (citing *Croce v. Trinity Mortg. Assurance Corp.*, No. 2:08-CV-01612-KJD-PAL, 2009 WL 3172119, at *5 (D.Nev. Sept. 28, 2008)). Therefore, the Chamanis fail to state a claim for relief under NRS 107.080. Accordingly, the court shall grant Bank of America's motion as to this claim.

### B.    Breach of Contract

The Chamanis' second cause of action for breach of contract is predicated on their first cause of action. Specifically, the Chamanis allege that BAC breached their contract with the Chamanis because the foreclosure sale was in violation of the relevant Nevada statutes. The court's dismissal of the first cause of action necessitates a similar dismissal of the second cause of action.

### C.    Waiver of Default

The Chamanis' third cause alleges that subsequent to the Notice of Default, BAC accepted several mortgage payments. The Chamanis charge that this conduct amounts to a waiver of the default. However, the Chamanis fail to allege that any payments took place before the acceleration of the mortgage by issuance of a Notice of Default on September 17, 2009, nor do the Chamanis allege their payments cured the entire delinquent amount owed. Where the

1  plaintiff's payments neither fully cured the default nor antedated the acceleration of the
2  mortgage, the plaintiff fails to allege a clear waiver of the right to foreclose based on the past
3  default. *Foley v. Wells Fargo Bank, N.A.*, No. 3:10-CV-00702-RCJ, 2011 WL 3022528, at *2
4  (D.Nev. July 22, 2011).

5  Additionally, the deed of trust contains an anti-waiver clause. The relevant language
6  reads: "any forbearance by Lender in exercising any right or remedy including, without
7  limitation, Lender's acceptance of payments . . . in amounts less than the amount then due, shall
8  not be a waiver of or preclude the exercise of any right or remedy." Doc. #53, Ex. A. Therefore,
9  the court finds that BAC's acceptance of payments after the recording of the Notice of Deafult
10 did not amount to a waiver of the default. Accordingly, the court shall grant Bank of America's
11 motion as to the Chamanis' third cause of action.

12 **D.    Good Faith**

13 The Chamanis' fourth cause of action alleges BAC breached its duty to act in good faith
14 after proceeding with the foreclosure despite accepting payments subsequent to the Notice of
15 Default.

16 Under Nevada law, [e]very contract imposes upon each party a duty of good faith and fair
17 dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9
18 (Nev. 1989). To establish a claim for a breach of the implied covenant of good faith and fair
19 dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2)
20 the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant
21 breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the
22 plaintiff's justified expectations were denied. *See Perry v. Jordan,* 134 P.3d 698, 702 (Nev.
23 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.,* 808 P.2d 919, 922-23 (Nev. 1991).

24 Here, the court has already found that BAC's acceptance of payments after filing the
25 Notice of Default did not constitute a waiver of the Chamanis' default. Thus, BAC had no duty to
26 return these payments, or to stop the foreclosure. Therefore, the court finds that the Chamanis
27 have failed to state a claim for breach of the covenants of good faith and fair dealing.
28 ///

### E.  Quiet Title

The Chamanis' fifth cause of action is for quiet title. In Nevada, a quiet title action may be brought by "any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.,* No. 2-11-CV-00084, 2011 WL 4574338, at *3 (D.Nev. Sept. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC,* 126 Cal.Rptr.3d 586, 589 (Cal.Ct.App.2011)).

Here, the Chamanis have conceded that they were in default of their mortgage obligations. Further, the court has found that BAC did not waive the default by accepting payments after the filing of the Notice of Default.  Therefore, the Chamanis do not have a good title to the property. Accordingly, the court shall grant Bank of America's motion as to this claim.

### F.  Slander of Title

The Chamanis' sixth cause of action is slander of title, alleging the Defendants slandered the Chamanis' title to the parcel of real property in question. To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." *Exec. Mgmt. Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).  The Chamanis, however, fail to state a claim because they are in default. *See Sexton v. IndyMac Bank FSB,* No. 3:11-CV-00437, 2011 WL 4809640, at *5 (D.Nev. Oct. 7, 2011); *Ramos v. Mortg. Elec. Registrations Sys., Inc.*, No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D.Nev. Mar. 5, 2009) (dismissing slander of title claim where plaintiffs failed to dispute they were in default).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging the Chamanis' title. First, the Chamanis concede that they were in default of their loan at the time the Notice of Default was filed. Second, the court has

found that BAC did not waiver the Chamanis' default.  Thus the notice of default does not make a false statement about their title to the property. Therefore, the court finds that the Chamanis' have failed to state a claim for slander of title.

### G.    NRS 107.080(5) & (7)

The Chamanis' seventh cause of action alleges defendants failed to comply with the requirements of NRS 107.080(2), and thus, pursuant to NRS 107.080(5) and NRS 107.080(7), the court must declare the trustee sale void. Because the court has already rejected the Chamani's first claim for violation fo NRS 107.080(2), the Chamanis cannot state a claim for violation of either NRS 107.080(5) or (7). Therefore, the court dismisses the Chamanis' seventh cause of action.

### H.    Unlawful Detainer

The Chamanis' eight cause of action is for unlawful detainer. In their opposition, the Chamanis concede that this claim is not directed at defendant BAC. Therefore, the court shall grant Bank of America's motion to dismiss as to this claim.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss for Failure to State a Claim (Doc. #53) is GRANTED. Defendant BAC Home Loans Servicing, LP is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 12th day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE