UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PERRY CHAMANI and FAY CHAMANI,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP; *et al.*,

    Defendants.

2:12-CV-1197-LRH-PAL

<u>ORDER</u>

    Before the court is defendant MTC Financial Inc., dba Trustee Corps' ("Trustee Corps") motion for summary judgment on plaintiffs Perry and Fay Chamani's ("the Chamanis") second amended complaint (Doc. #48[1]). Doc. #89. The Chamanis did not oppose the motion.

    Also before the court is defendant First Service Residential Realty, LLC, fka First Service Residential Reality, Inc.'s ("FSRR") motion to dismiss the Chamanis' second amended complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure. Doc. #85.

**I.   Facts and Procedural History**

    This is a wrongful foreclosure and breach of contract action brought by the Chamanis against defendants. On or about October 15, 2007, the Chamanis obtained a residential loan from non-party Countrywide Bank, FSB ("Countrywide") for property located in Las Vegas, Nevada.

---

[1] Refers to the court's docket entry number.

1  The loan was secured by a promissory note and deed of trust which designated the Mortgage
2  Electronic Registration System ("MERS") as beneficiary under the deed of trust and non-party
3  ReconTrust Company, N.A. as trustee.
4      In mid 2009, the Chamanis defaulted on the mortgage note. Subsequently, on September 15,
5  2009, MERS assigned the beneficial interest under the deed of trust to defendant BAC Home Loans
6  Servicing, LP ("BAC"). However, the assignment of the beneficial interest was not recorded until
7  July 8, 2011. Also on September 15, 2009, defendant BAC substituted defendant Trustee Corps as
8  the trustee under the deed of trust. This substitution of trustee was recorded on November 5, 2009.
9      On September 17, 2009, defendant BAC executed a notice of default and election to sell
10 which was recorded on September 18, 2009. On April 9, 2010, the mandatory Nevada Foreclosure
11 Mediation Program issued a certificate allowing BAC to proceed with the non-judicial foreclosure.
12 On July 1, 2011, defendant Trustee Corps, as the substituted trustee, executed a notice of trustee's
13 sale which was recorded on July 8, 2011. A second notice of trustee's sale was recorded on
14 March 28, 2012, setting the trustee's sale for April 27, 2012. At the trustee's sale, defendant
15 AH4R-NV 2, LLC purchased the property and recorded a deed of sale on May 18, 2012.
16     On April 26, 2012, prior to the trustee's sale, the Chamanis filed a complaint against
17 defendants for wrongful foreclosure. Doc. #1, Exhibit A. Subsequently, on December 4, 2014, the
18 Chamanis filed the underlying second amended complaint alleging eight (8) causes of action
19 against defendants: (1) violation of NRS 107.080; (2) breach of contract; (3) waiver of default;
20 (4) breach of the covenants of good faith and fair dealing; (5) quiet title; (6) slander of title;
21 (7) violation of NRS 107.080(5) & (7); and (8) unlawful detainer. Doc. #48. In response, defendant
22 Bank of America ("BOA"), as successor in interest for defendant BAC, filed a motion to dimiss the
23 second amended complaint (Doc. #53) which was granted by the court (Doc. 73). Thereafter,
24 defendants Trustee Corps and FSRR filed the present motions. Doc. ##85, 89.
25 ///
26 ///

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

///

///

### III. Discussion

#### A. Violation of NRS 107.080

In their second amended complaint, the Chamanis allege that defendants conducted the foreclosure in violation of NRS 107.080. Specifically, the Chamanis charge that defendant BAC was without authority to record the notice of default because at the time of the recording the mortgage note had not yet been properly assigned to BAC. As a result, the Chamanis contend that the notice of default is invalid and all subsequent foreclosure activities are likewise invalid. The court disagrees.

First, the court notes that neither defendant Trustee Corps nor defendant FSRR had any part in the recording of the original notice of default. As such, the second amended complaint fails to state a claim against these defendants. Second, the court has already addressed this issue at length in the court's order granting BOA's motion to dismiss. *See* Doc. 73. In that order, the court found that defendant BAC substantially complied with the provisions of NRS 107.080 in recording the notice of default even though the assignment to BAC had not yet been recorded. *Id*. Therefore, the court finds that the Chamanis fail to state a claim for relief under NRS 107.080.

#### B. Breach of Contract

The Chamanis' second cause of action is for breach of contract. Here, it is undisputed that neither defendant Trustee Corps nor defendant FSRR was a party to any contract with the Chamanis. Therefore, the court shall dismiss this claim as to these defendants.

#### C. Waiver of Default

The Chamanis' third cause of action alleges that subsequent to the recording of the notice of default, defendant BAC accepted several mortgage payments from the Chamanis. The Chamanis argue that this conduct amounts to a waiver of their default. However, the Chamanis have failed to allege that their payments fully cured the default. Further, this claim is solely against dismissed defendant BAC for its acceptance of the mortgage payments and the Chamanis fail to allege any conduct by either defendant Trustee Corps or FSRR. In fact, it is undisputed that neither defendant

4

Trustee Corps nor FSRR accepted any mortgage payments. Therefore, the court shall dismiss this claim against these defendants.

### D. Good Faith Claim

The Chamanis' fourth cause of action alleges that defendant BAC breached its duty to act in good faith after proceding with the foreclosure despite accepting payments subsequent to the notice of default. As addressed above, this claim is solely against dismissed defendant BAC for its acceptance of the mortgage payments and the Chamanis fail to allege any conduct by either defendant Trustee Corps or FSRR.

### E. Quiet Title

The Chamanis' fifth cause of action is for quiet title. In Nevada, a quiet title action may be brought by "any person against another who claims an estate or interest in real property, adverse to the person brining the action, for the purpose of determining such adverse claim." NRS 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2-11-cv-0084, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, 126 Cal. Rptr. 3d 586, 589 (Cal. Ct. App. 2011)).

Here, the Chamanis have conceded that they were in default of their mortgage obligations. Thus, they cannot claim good title to the property as a matter of law. *See Lalwani*, 2011 WL 4574338, *3. Further, it is undisputed that neither Trustee Corps nor FSRR claim any interest in the property. In fact, the only party claiming an adverse interest to the property is defendant AH4R-NV 2, LLC, the third party purchaser. As such, the court finds that Trustee Corps and FSRR are entitled to judgment on this claim.

### F. Slander of Title

The Chamanis' sixth cause of action is for slander of title alleging that defendants slandered their title to the property. To succeed on a slander of title claim, a plaintiff must show "false and

5

malicious communications, disparaging to one's title in land, and causing special damages." *Exec. Mgmt. Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging the Chamanis' title. First, it is undisputed that the Chamanis were in default at the time both documents were recorded. Second, the court has already found that defendant BAC did not waive the Chamanis' default. *See* Doc. #73. Therefore, the court finds the notice of default and notice of trustee's sale do not make any false statement about title to their property.

### G.  NRS 107.080(5) & (7)

The Chamanis' seventh cause of action alleges defendants failed to comply with the requirements of NRS 107.080(2), and thus, pursuant to NRS 107.080(5) & (7), the court must declare the trustee sale void. Because the court has already rejected the Chamanis' first claim for violation of NRS 107.080, the Chamanis cannot state a claim for violation of either NRS 107.080(5) or (7) as it relates to defendants Trustee Corps and FSRR. Therefore, the court shall enter judgment in defendants' favor on this claim.

### H.  Unlawful Detainer

The Chamanis' eighth cause of action is for unlawful detainer. However, it is undisputed that this claim is not directed against defendant Trustee Corps. Therefore, the court shall dismiss this claim as to defendant Trustee Corps.

As to defendant FSRR, the only allegation is that defendant FSRR participated in the eviction of plaintiffs from the property after it was purchased by defendant AH4R-NV 2, LLC at the properly noticed and recorded trustee's sale. However, these allegations are insufficient to allege a claim for unlawful detainer as the Chamanis have failed to establish that they had any right to access or control the property after it was sold at the trustee's sale. In fact, it is undisputed that the Chamanis were in default and that the property was sold to defendant AH4R-NV 2, LLC. As addressed above, the Chamanis have not established any right to the property or to quiet title in

their name. *See Supra* Section E. As such, the Chamanis cannot state a claim for unlawful detainer as a matter of law.

### I. Dismissal Pursuant to Rule 37

As an alternative argument for dismissal, defendant FSRR contends that this action should be dismissed because the Chamanis have failed to respond to FSRR's discovery requests or to attend scheduled depositions. Because the court has already found that the second amended complaint fails to state any claim against defendant FSRR, the court finds that this alternative argument is moot.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #89) is GRANTED. Defendant MTC Financial Inc., dba Trustee Corps is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #85) is GRANTED. Defendant First Service Residential Realty, LLC, fka First Service Residential Reality, Inc., is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 26th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE