UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PERRY CHAMANI and FAY CHAMANI,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP; *et al.*,

    Defendants.

2:12-CV-1197-LRH-PAL

ORDER

    Before the court is defendant AH4R-NV2, LLC's ("AH4R") motion to dismiss plaintiffs Perry and Fay Chamani's ("the Chamanis") second amended complaint (Doc. #48[1]) and for release of lis pendens. Doc. #97. The Chamanis filed an opposition. Doc. #105.

**I.    Facts and Procedural History**

    This is a wrongful foreclosure and breach of contract action brought by the Chamanis against defendants. On or about October 15, 2007, the Chamanis obtained a residential loan from non-party Countrywide Bank, FSB for property located in Las Vegas, Nevada. The loan was secured by a promissory note and deed of trust which designated the Mortgage Electronic Registration System ("MERS") as beneficiary under the deed of trust and non-party ReconTrust Company, N.A. as trustee.

---

[1] Refers to the court's docket entry number.

In mid 2009, the Chamanis defaulted on the mortgage note. Subsequently, on September 15, 2009, MERS assigned the beneficial interest under the deed of trust to defendant BAC Home Loans Servicing, LP ("BAC"). However, the assignment of the beneficial interest was not recorded until July 8, 2011. Also on September 15, 2009, defendant BAC substituted defendant Trustee Corps as the trustee under the deed of trust. This substitution of trustee was recorded on November 5, 2009.

On September 17, 2009, defendant BAC executed a notice of default and election to sell which was recorded on September 18, 2009. On April 9, 2010, the mandatory Nevada Foreclosure Mediation Program issued a certificate allowing BAC to proceed with the non-judicial foreclosure. On July 1, 2011, defendant Trustee Corps, as the substituted trustee, executed a notice of trustee's sale which was recorded on July 8, 2011. A second notice of trustee's sale was recorded on March 28, 2012, setting the trustee's sale for April 27, 2012. At the trustee's sale, defendant AH4R-NV 2, LLC purchased the property and recorded a deed of sale on May 18, 2012.

On April 26, 2012, prior to the trustee's sale, the Chamanis filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit A. Subsequently, on December 4, 2014, the Chamanis filed the underlying second amended complaint alleging eight (8) causes of action against defendants: (1) violation of NRS 107.080; (2) breach of contract; (3) waiver of default; (4) breach of the covenants of good faith and fair dealing; (5) quiet title; (6) slander of title; (7) violation of NRS 107.080(5) & (7); and (8) unlawful detainer. Doc. #48.[2] Thereafter, defendants AH4R filed the present motion to dismiss. Doc. #97.

II.     **Legal Standard**

Defendant AH4R seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice

---

[2] Only the Chamanis' claims for violations of NRS 107.080, quiet title, and unlawful detainer are alleged against defendant AH4R.

2

pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

///

///

3

### III. Discussion

#### A. Violation of NRS 107.080

In their second amended complaint, the Chamanis allege that defendants conducted the foreclosure in violation of NRS 107.080. Specifically, the Chamanis charge that defendant BAC was without authority to record the notice of default because at the time of the recording the mortgage note had not yet been properly assigned to BAC. As a result, the Chamanis contend that the notice of default is invalid and all subsequent foreclosure activities are likewise invalid. The court disagrees.

First, the court notes that defendant AH4R had no part in the recording of the original notice of default. As such, the second amended complaint fails to state a claim against this defendant. Second, the court has already addressed this issue at length in the court's order granting BAC's motion to dismiss. *See* Doc. #73. In that order, the court found that defendant BAC substantially complied with the provisions of NRS 107.080 in recording the notice of default even though the assignment to BAC had not yet been recorded. *Id*. Therefore, the court finds that the Chamanis fail to state a claim for relief under NRS 107.080.

#### B. Quiet Title

The Chamanis' fifth cause of action is for quiet title. In Nevada, a quiet title action may be brought by "any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." *Lalwani v. Wells Fargo Bank, N.A.*, No. 2-11-cv-0084, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011) (citing *Ferguson v. Avelo Mortg., LLC*, 126 Cal. Rptr. 3d 586, 589 (Cal. Ct. App. 2011)).

Here, the Chamanis have conceded that they were in default of their mortgage obligations. Further, it is undisputed that the property was sold to defendant AH4R at a properly noticed and

4


conducted trustee's sale on April 27, 2012. As such, the Chamanis cannot claim good title to the property as a matter of law. *See Lalwani*, 2011 WL 4574338, *3. Therefore, the court shall dismiss this claim against defendant AH4R.

**C. NRS 107.080(5) & (7)**

The Chamanis' seventh cause of action alleges defendants failed to comply with the requirements of NRS 107.080(2), and thus, pursuant to NRS 107.080(5) & (7), the court must declare the trustee sale void. Because the court has already rejected the Chamanis' first claim for violation of NRS 107.080, the Chamanis cannot state a claim for violation of either NRS 107.080(5) or (7) as to defendant AH4R. Therefore, the court shall dismiss this claim.

**D. Unlawful Detainer**

The Chamanis' eighth cause of action is for unlawful detainer. Initially, the court notes that the Chamanis cannot bring a claim under NRS 40.250, Nevada's unlawful detainer statute, as a matter of law because that statute only relates to actions against tenants. NRS 42.250 ("Unlawful detainer: Possession after expiration of term. A *tenant* of real property or a mobile home for a term less than life is guilty of an unlawful detainer when the *tenant* continues in possession . . .") (emphasis added). AH4R is the owner of the subject property, not a tenant, and therefore NRS 40.250 is inapplicable in this action.

Second, to the extent that the Chamanis are really alleging a wrongful eviction claim, that claim likewise fails. The court has already found that the underlying foreclosure of the Chamanis' property was valid and that the Chamanis have no claim or title to the subject property. As such, their court ordered eviction was valid and enforceable. Therefore, the Chamanis cannot state a claim for wrongful eviction as a matter of law. Accordingly, the court shall grant defendant AH4R's motion to dismiss.

///

///

///

5


1   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #97) is
2 GRANTED. Defendant AH4R-NV2, LLC is DISMISSED as a defendant in this action.
3   IT IS FURTHER ORDERED that defendant AH4R-NV2, LLC shall have ten (10) days
4 after entry of this order to submit an appropriate order expunging lis pendens and submit the same
5 for signature.
6   IT IS FURTHER ORDERED that plaintiff's counter-motion for summary judgment
7 (Doc. #101) is DENIED.
8   IT IS SO ORDERED.
9   DATED this 10th day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE