UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PERRY CHAMANI and FAY CHAMANI, <br><br> Plaintiffs, <br><br> v. <br><br> BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP; *et al.*, <br><br> Defendants. | 2:12-CV-1197-LRH-PAL <br><br> ORDER |

Before the court are plaintiffs Perry and Fay Chamani's ("the Chamanis") motion to reconsider the court's order of dismissal (Doc. #108[1]) and motion for default against dismissed defendant AH4R-NV2, LLC ("AH4R") (Doc. #109).

**I.   Facts and Procedural History**

This is a wrongful foreclosure and breach of contract action brought by the Chamanis against defendants. On or about October 15, 2007, the Chamanis obtained a residential loan from non-party Countrywide Bank, FSB for property located in Las Vegas, Nevada. The loan was secured by a promissory note and deed of trust which designated the Mortgage Electronic Registration System ("MERS") as beneficiary under the deed of trust and non-party ReconTrust Company, N.A. as trustee.

---

[1] Refers to the court's docket entry number.

In mid 2009, the Chamanis defaulted on the mortgage note. Subsequently, on September 15, 2009, MERS assigned the beneficial interest under the deed of trust to defendant BAC Home Loans Servicing, LP ("BAC"). However, the assignment of the beneficial interest was not recorded until July 8, 2011. Also on September 15, 2009, defendant BAC substituted defendant Trustee Corps as the trustee under the deed of trust. This substitution of trustee was recorded on November 5, 2009.

On September 17, 2009, defendant BAC executed a notice of default and election to sell which was recorded on September 18, 2009. On April 9, 2010, the mandatory Nevada Foreclosure Mediation Program issued a certificate allowing BAC to proceed with the non-judicial foreclosure. On July 1, 2011, defendant Trustee Corps, as the substituted trustee, executed a notice of trustee's sale which was recorded on July 8, 2011. A second notice of trustee's sale was recorded on March 28, 2012, setting the trustee's sale for April 27, 2012. At the trustee's sale, defendant AH4R-NV 2, LLC purchased the property and recorded a deed of sale on May 18, 2012.

On April 26, 2012, prior to the trustee's sale, the Chamanis filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit A. Subsequently, on December 4, 2014, the Chamanis filed the underlying second amended complaint alleging eight (8) causes of action against defendants: (1) violation of NRS 107.080; (2) breach of contract; (3) waiver of default; (4) breach of the covenants of good faith and fair dealing; (5) quiet title; (6) slander of title; (7) violation of NRS 107.080(5) & (7); and (8) unlawful detainer. Doc. #48. In response to the second amended complaint, defendants filed a series of motions to dismiss (Doc. ##53, 85, 89, 97) which were all granted by the court (Doc. ##73, 103, 106 respectively). Thereafter, the Chamanis filed the present motion for reconsideration of the court's order dismissing defendant AH4R (Doc. #108) and motion for default judgment against the same defendant (Doc. #109).

**II.   Discussion**

The court has reviewed the Chamanis' present motions and finds that they are without merit. In their motion for reconsideration, the Chamanis argue that the court erred in dismissing defendant AH4R, but they fail to articulate any factual or legal error in the court's order. Rather,

2

they cite to a single case, *Frow v. De La Vega*, 82 U.S. 552 (1872), contending that this case supports awarding a default judgment against AH4R, and thus, the court should not have dismissed this defendant. The court disagrees. In *Frow*, the Supreme Court held that it would be "incongruous and illegal" to hold a defendant in default judgment when all other defendants had been dismissed from an action on the merits where the same claims and same allegations were alleged against all defendants. *See* 82 U.S. at 554. The *Frow* decision in no way effects the court's prior order of dismissal. In fact, *Frow* supports dismissing defendant AH4R as the court has already dismissed all other defendants in this action on the merits. Thus, entering default judgment against AH4R as the Chamanis' request would be "incongruous and illegal" in light of the other defendants' dismissal. Therefore, the court finds that reconsideration of the court's order of dismissal is not warranted and the court shall deny the Chamanis' motions accordingly.

    IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #108) and motion for default judgment (Doc. #109) are DENIED.

    IT IS SO ORDERED.

    DATED this 13th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3